IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | |
|---|---|
| OCROIMI MONESTIME, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | CV 305-112 |
| ) | |
| MICHAEL V. PUGH, Warden, ) | |
| ) | |
| Respondent. ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner, an inmate currently incarcerated at McRae Correctional Facility ("MCF") in McRae, Georgia, commenced the above-captioned case pursuant to 28 U.S.C. § 2241 contesting the execution of his sentence of confinement. Respondent filed a Response. (Doc. no. 6). For the reasons stated more fully below, the Court **REPORTS** and **RECOMMENDS** that this case be **DISMISSED** based on Petitioner's failure to exhaust his administrative remedies. In the alternative, the Court **REPORTS** and **RECOMMENDS** that the petition be **DENIED** on the merits, that this civil action be **CLOSED**, and that a final judgment be **ENTERED** in favor of Respondent Pugh.

### I. BACKGROUND

Petitioner, convicted of a drug offense, is serving a 120-month sentence imposed in the Southern District of Florida on May 26, 2000, and is projected to be released (assuming

credit for good conduct time) on October 29, 2008.[1] (Doc. no. 6, Ex. 3). This projected release date is based on the calculation of sentence performed by the Bureau of Prisons ("BOP"), which includes jail credit for a certain amount of time that Petitioner spent in state custody prior to his federal sentencing. It is this amount of jail credit about which Petitioner complains in his petition.

Petitioner was arrested and taken into custody by state authorities on July 21, 1999. (Doc. no. 6, Ex. 6). This arrest date is considered to be the date of Petitioner's federal offense. (Id. at Ex. 1, p. 2). On November 1, 1999, Petitioner was sentenced to two, concurrent five-year sentences for drug trafficking, and he began serving those sentences in the custody of the Florida Department of Corrections. (Id. at Ex. 7). When Petitioner was sentenced on May 26, 2000 in federal court, his 120-month sentence was imposed to run concurrently with the state sentences he was already serving. (Id. at Ex. 2, p. 2). For the purpose of calculating Petitioner's sentence, the BOP considers the federal sentencing date as the starting point for Petitioner's federal sentence. (Id. at Ex. 1, p. 3).

Petitioner has received jail credit for the time from the date of his arrest on July 21, 1999 until October 31, 1999, the day before his state sentences were imposed. Petitioner has also received credit for time spent in state custody starting from the date of imposition of his federal sentence, May 26, 2000. It is the gap of time between the imposition of his state sentences and federal sentence - November 1, 1999 through May 26, 2000 - which Petitioner

---

[1]Despite this projected release date, Petitioner is subject to a detainer, and Respondent reports that Petitioner will likely be taken into custody by the Bureau of Immigration and Customs Enforcement for possible deportation upon completion of his criminal sentence. (Doc. no. 6, Ex. 3).

now wants credited to his sentence. Respondent argues that Petitioner is not entitled to relief because he has not exhausted his administrative remedies and also argues that on the merits of his claim, Petitioner is not entitled to relief.

## II. **DISCUSSION**

### A. **Petitioner Did Not Exhaust His Administrative Remedies.**

In all habeas cases, a prisoner must exhaust administrative remedies, or the federal court does not have jurisdiction to grant relief. Skinner v. Wiley, 355 F.3d 1293, 1295 (11th Cir.) (*per curiam*), *cert. denied*, 541 U.S. 1036 (2004); Rodriguez v. Lamer, 60 F.3d 745, 747 (11th Cir. 1995) (noting requirement for exhausting administrative remedies with BOP prior to seeking § 2241 relief in federal court); Gonzalez v. United States, 959 F.2d 211, 212 (11th Cir. 1992) (*per curiam*) (recognizing that BOP has established regulations that must be followed before seeking relief in federal court and ruling that "[e]xhaustion of administrative remedies is jurisdictional"); see also Fuller v. Rich, 11 F.3d 61, 62 (5th Cir. 1994) (*per curiam*) (noting exhaustion requirement in relation to bringing § 2241 petition); United States v. Gabor, 905 F.2d 76, 78 n.2 (5th Cir. 1990) (noting applicability of exhaustion requirement to claims for computation of sentence credit awards).

In this Circuit, even if an inmate claims that his release date has passed and he remains incarcerated, courts should enforce the exhaustion requirement:

> In February 1991 Gonzalez filed in the district court a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. He asserted that because his presumptive release date had passed, he need not exhaust his administrative remedies before seeking relief from the district court. Courts have original jurisdiction over imposition of a sentence. The Bureau of Prisons is, however, responsible for computing that sentence and applying appropriate good time credit. U.S. v. Martinez, 837 F.2d 861, 865-66 (9th Cir. 1988).

3

> The Bureau of Prisons has established regulations that set forth the procedures that a prisoner must follow before seeking relief from a district court. U.S. v. Lucas, 898 F.2d 1554, 1556 (11th Cir. 1990). Exhaustion of administrative remedies is jurisdictional. Id.

Gonzalez, 959 F.2d at 212.

Here, Petitioner attached several documents to his petition showing his efforts to utilize the administrative procedures at MCF regarding the calculation of jail-time credit. Petitioner started with an Inmate Request to Staff Form dated February 17, 2005; when he did not receive satisfaction, he filed an informal grievance dated March 18, 2005. (Doc. no. 1, Attach.). When the informal grievance did not produce the desired results, on March 27, 2005, Petitioner filed a formal grievance, number 005-2503-0075, on Form 14-5A. (Id.). That grievance was denied on April 8, 2005, and Petitioner was informed: "[Y]ou may appeal to the Warden and exhaust your remedies through the BOP Grievance Procedure described in the Warden's memorandum dated May 25, 2004." (Id.). On May 9, 2005, Petitioner submitted a Regional Administrative Remedy Appeal to the Privatization Management Branch, but that appeal was denied in a response dated June 9, 2005. (Id.). That response instructed Petitioner that if he was unhappy with the response, he could file an appeal within 30 calendar days to the Office of General Counsel for the BOP. (Id.). Instead, Petitioner filed the instant federal petition, with a signature date of July 4, 2005.

Despite Petitioner's partial utilization of the grievance process at MCF and through the BOP, Petitioner now contends that the Administrative Remedy Program ("the Program") set forth in 28 C.F.R. § 542.10 *et seq.* does not apply to him because MCF is a privately run facility, *i.e.*, a "non-federal" facility, and is therefore not covered by the Program. He offers

4

no evidence in support of his interpretation of the Regulation, and in fact, his documentation from MCF and the BOP all clearly explain the path to administrative exhaustion - a path that extended to the BOP's Office of General Counsel. Moreover, Respondent has submitted the Declaration of Van Vandivier, Senior Litigation Counsel in the Southeast Regional Office of the BOP, which confirms that Petitioner failed to take the final step and appeal to the Office of General Counsel.[2] (Doc. no. 6, Vandivier Declaration, ¶¶ 6-7 and Attach. B). That same declaration also has attached to it a memorandum to the Inmate Population at MCF from the Warden which explains the process for appealing "BOP-related" issues to the level of the Office of General Counsel; sentence computation based on a request for jail credit is such a BOP-related issue. (Id. at Attach. A).

Petitioner has not shown that administrative remedies are (or were) unavailable, inappropriate to the relief he now seeks, or patently futile. Fuller, 11 F.3d at 62. The mere fact that Petitioner may believe that the Program does not apply to him because he is incarcerated at a privately-run correctional facility does not excuse him from the exhaustion requirement. The issue about which he is complaining, the calculation of his sentence, is a BOP-related issue, and Petitioner clearly had notice of the proper method for utilizing the grievance procedure and the level to which he must appeal to exhaust his available remedies. As Petitioner has not met the burden of establishing "extraordinary circumstances" that would justify excepting him from the exhaustion requirement, his claims are not properly before this Court. Id.

---

[2] According to Federal Regulations, if a prisoner is not satisfied with the response from the Privatization Branch, he must submit one final appeal to the General Counsel in order to exhaust the administrative appeal process. See 28 C.F.R. § 542.15(a).

5

**B.    In the Alternative, Petitioner Fails to State a Valid Claim for Relief.**

Even if Petitioner had exhausted all administrative remedies available to him, he is not entitled to the relief he seeks. In particular, the issues Petitioner raises concerning the computation of his sentence are governed by 18 U.S.C. § 3585(b) and by Program Statement ("PS") 5880.28 of the Sentence Computation Manual (CCA of 1984), which implements the congressional mandate of 18 U.S.C. § 3585(b).[3]

18 U.S.C. § 3585(b) provides:

> **(b) Credit for prior custody.**--A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences–
>
> **(1)** as a result of the offense for which the sentence was imposed; or
> **(2)** as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;
>
> that has not been credited against another sentence.

In addition, PS 5880.28 provides, "Credit will not be given for any portion of time spent serving another sentence regardless of whether the sentence is federal, state, or foreign. (Doc. no. 6, Ex. 9, p. 1-17). Thus, goes the government's argument, "because [Petitioner] was serving his state sentences (and only those sentences) from November 1, 1999, through May 25, 2000, and that time was credited against his state sentences, he is not entitled to credit for that time against his federal sentence as well." (Doc. no. 6, p. 7).

---

[3] Program Statements, the BOP's internal agency guidelines, are entitled to some deference from the courts. Reno v. Koray, 515 U.S. 50, 61 (1995).

In effect, Petitioner asks the Court to conclude that his 120-month federal sentence should have started to run when his two, five-year sentences in state custody began to run. That is, Petitioner's argues that his federal sentence should have started to run before it ever existed. The law simply does not support Petitioner's position. United States v. Flores, 616 F.2d 840, 841 (5th Cir. 1980) ("[A] federal sentence cannot commence prior to the date it is pronounced. . . ."); Wilson v. Henderson, 468 F.2d 582, 584 (5th Cir. 1972) (*per curiam*) ("A sentence cannot commence prior to the date it is pronounced even if it is to be concurrent to a sentence already being served."). Moreover, since Petitioner received credit against his state sentence for the time from November 1, 1999 to May 25, 2000, he is not entitled to "double credit" for this time. United States v. Wilson, 503 U.S. 329, 337 (1992) ("Congress made clear that a defendant could not receive a double credit for his detention time."); see also McClain v. Bureau of Prisons, 9 F.3d 503, 505 (6th Cir. 1993) (noting that plain language of § 3585 intended to prevent double credit for detention prior to actual start of federal sentence).

In sum, Petitioner is not entitled to jail credit for the time he spent in state custody prior to the imposition of his federal sentence on May 26, 2000. The BOP gave Petitioner credit for the time he was detained but not yet sentenced by either sovereign (July 21, 1999 to October 31, 1999). The time between when Petitioner began serving his state sentences and the imposition of his federal sentence (November 1, 1999 to May 25, 2000) was credited to his state sentence. As the government correctly summarized, "Under 18 U.S.C. § 3585(b), [Petitioner] is not entitled to have the same time credited against his federal sentence as the state gave him against his state obligations. [Petitioner] has received all that he is due."

7

(Doc. no. 6, p. 11). Thus, even if Petitioner had exhausted his administrative remedies, he is not entitled to relief he seeks.

### III. CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** that this case be **DISMISSED** based on Petitioner's failure to exhaust his administrative remedies. In the alternative, the Court **REPORTS** and **RECOMMENDS** that the petition be **DENIED** on the merits, that this civil action be **CLOSED**, and that a final judgment be **ENTERED** in favor of Respondent Pugh.

SO REPORTED and RECOMMENDED this 3rd day of October, 2005, at Augusta, Georgia.

W. LEON BARFIELD
UNITED STATES MAGISTRATE JUDGE